# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PENSACOLA DIVISION

**TERRY EUGENE SEARS,**
      **Plaintiff,**

**vs.**                            **Case No. 3:12cv247/LC/CJK**

**JENNIFER A. HAAS, et al.,**
      **Defendants.**
_____

## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida penal system proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (doc. 1), and has paid the filing fee (doc. 3).  Upon review of the complaint, however, the court concludes this case should be dismissed as malicious for plaintiff's abuse of the judicial process.

Because plaintiff is an inmate seeking redress from a governmental entity or officer or employee of a governmental entity, the court must dismiss the case if at any time it determines that the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b)(1) and (2).  Plaintiff filed the instant complaint on May 31, 2012, complaining about the conditions of his confinement while housed at Santa Rosa Correctional Institution.   (Doc. 1).  Specifically, plaintiff claims Officers R.A. Boatwright and Perry Williams, among

others, have engaged against him in a campaign of racial discrimination, harassment, and retaliation.  (Doc. 1, pp. 10-16).

On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question:  "Have you initiated other actions *(besides those listed above in Questions (A) and (B))*[1] in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?"  Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), plaintiff marked "Yes," identifying nine cases filed in this district, and one each in the Middle District and Southern District of Florida.  (Doc. 1, pp. 6-7).  The complaint form then asks a series of questions and directs the prisoner to describe each action, attaching additional pages if necessary.  Plaintiff attached two additional pages, which include the eleven cases mentioned above.  (Doc. 1, pp. 7-8).

On the same page of the complaint form, Section IV(D), Previous Lawsuits, is the following question:  "Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?"  Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (D), plaintiff

---

[1] Questions (A) and (B) asked plaintiff whether he had initiated other actions in state or federal court dealing with the same or similar facts/issues involved in the present action.  Plaintiff answered "No" to Question (A), but "Yes" to Question (B), disclosing several cases filed in this district, and one each from the Middle District and Southern District of Florida.  (Doc. 1, pp. 5, 7).

marked "Yes," identifying six cases.[2]  (Doc. 1, pp. 6, 8).  The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary; with the exception of the six cases noted above, plaintiff identified no additional cases on the complaint form or the aforementioned attachment pages.  (Doc. 1, pp. 6-8).  At the end of the civil rights complaint form, plaintiff signed his name after the following statement:  "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct."  (Doc. 1, p. 17).  Thus, plaintiff has in effect stated that, except for those cases identified in the instant complaint, he has initiated no other lawsuits in federal court relating to the conditions of his confinement, and has had no other actions in federal court dismissed prior to service.

As a matter of course, this court attempts to make an independent investigation into whether litigants truthfully complete the civil rights complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction.  Further, the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision.  *See* 28 U.S.C. § 1915(g).[3] The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the reasons for their dismissal, can be considerable.  As the Eleventh Circuit explained, "[T]he task of counting strikes involves more than sophomoric arithmetic.

---

[2] The clerk is unable to match any of the six case numbers plaintiff provided in response to this question with any case plaintiff has initiated in the federal district courts of Florida.

[3] Section 1915(g) provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury."

Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted." *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

The clerk has advised, and this court may take judicial notice, that at the time plaintiff initiated this lawsuit he had initiated at least two other civil actions in federal court relating to the conditions of his confinement. While incarcerated, plaintiff filed *Sears v. Secretary, Florida Dep't of Corrections, et al.*, Case No. 8:11cv2843-EAK-TGW, on December 27, 2011, in the U.S. District Court for the Middle District of Florida. Plaintiff alleged retaliation and violations of his First Amendment rights by prison officials, indicating the action related to the fact or manner of plaintiff's incarceration or the conditions of his confinement. While incarcerated, plaintiff also filed *Sears v. Moore, et al.*, Case No. 5:06cv171-RS-EMT, in this district. The case was filed on August 14, 2006, and dismissed prior to service on November 30, 2006, for failure to state a claim upon which relief may be granted. Plaintiff alleged that prison officials, in violation of his rights under the Eighth and Fourteenth Amendments, denied him reimbursement of photocopying fees, indicating the action related to the fact or manner of plaintiff's incarceration or conditions of his confinement. Plaintiff did not disclose either of these cases in the instant complaint. Plaintiff was also untruthful about whether he has had any other federal actions dismissed prior to service. The foregoing cases may be positively identified as having been filed by plaintiff because they bear his Florida Department of Corrections inmate number, DC#B083117.

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, plaintiff falsely responded to questions on the complaint form, as detailed above. Plaintiff knew from reading the complaint form that disclosure of **all** prior actions was required. The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (Doc. 1, p. 5). If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. This court must not allow plaintiff's false responses to go unpunished. The undersigned recommends that an appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.

Plaintiff is warned that such false responses, filed herein or in the future, will not be ignored and may result in more severe and long-term sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (holding *pro se* prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is respectfully RECOMMENDED:

1. That this cause be DISMISSED WITHOUT PREJUDICE as malicious pursuant to 28 U.S.C. § 1915A(b)(1) for plaintiff's abuse of the judicial process.

2.  That all pending motions be DENIED as moot.

3.  That the clerk be directed to close the file.

At Pensacola, Florida, this 10th day of July, 2012.


*/s/ Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE


<u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).